IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| A.M., *a minor, by and through his parents* *A.J. and J.M.* | : : : | CIVIL ACTION No. 25-3083 |
| v. | : : | |
| INTERBORO SCHOOL DISTRICT | : | |

<u>**MEMORANDUM**</u>

**Judge Juan R. Sánchez**　　　　　　　　　　　　　　　　　　　　　　　**January 14, 2026**

This is an administrative appeal under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, involving a kindergarten student with autism. Plaintiffs, parents of the student, A.M., challenge a Pennsylvania Special Education Hearing Officer's (HO) March 18, 2025 Final Decision and Order. The HO resolved two issues: (1) whether Defendant Interboro School District (the "District") denied A.M. a free appropriate public education ("FAPE") for the 2024-2025 school year; and (2) whether Plaintiffs were entitled to a publicly funded independent education evaluation ("IEE") in the form of a functional behavioral assessment ("FBA") because the District's evaluation of A.M. was inappropriate. The HO found for the District on the FAPE issue and found for Plaintiffs on the IEE/FBA issue. The parties have filed cross-motions for judgment on the administrative record asking the Court to affirm in part and reverse in part the HO's decision. Because there is no basis to reverse the HO, the Court will affirm the HO's decision in full.

**BACKGROUND**

A.M. is a student in the Interboro School District diagnosed with autism. He transitioned from the Delaware County Intermediate Unit's ("DCIU") early intervention autistic support program to the District for kindergarten for the 2024-25 school year. Hearing Officer Final

Decision and Order 3, Dkt. No. 13-3. This case concerns the reasonableness and adequacy of the District's education plan for A.M.'s kindergarten year.

Before kindergarten, A.M. was identified as eligible for early intervention by DCIU in 2022. Dkt. No. 13-3 at 3. DCIU recommended a half-day specialized autism program with related therapies, but A.M.'s parents (the "Parents") opted instead for a full-day Applied Behavior Analysis ("ABA") program at Helping Hands clinic, funded through their medical insurance. *Id*. As A.M. approached kindergarten, DCIU held an early intervention transition meeting in January 2024 which included the Parents and a District representative. *Id*. District staff also observed A.M. at Helping Hands in March 2024. DCIU re-evaluated A.M. in April 2024 and held another early intervention transition meeting which the District did not attend. *Id*.

In August 2024, the Parents registered A.M. in the District. *Id*. at 4. On August 28, 2024, the Parents asked for an out-of-district placement, which the District denied. *Id*. The next day, the District adopted DCIU's half-day Individualized Education Program ("IEP") and issued a Notice of Recommended Education Placement ("NOREP") for supplemental autistic support with speech language therapy, occupational therapy, and physical therapy. *Id*. The Parents rejected the NOREP on August 30, 2024 and again requested an out-of-district placement. *Id*. at 4-5. On September 6, 2024, the District held an IEP meeting where it proposed its kindergarten autistic support placement adopted from the DCIU plan. *Id*. at 4. The District also agreed to provide a one-to-one Personal Care Assistant ("PCA") due to safety concerns and issued a Permission to Evaluate ("PTE") that listed multiple assessment areas and included an FBA. *Id*. at 4-6. The Parents approved the PTE. *Id*. A.M. began attending the District's autistic support classroom on September 9, 2024, and, by late September, Helping Hands began providing Registered Behavior Technician ("RBT") support in the District classroom through the Parents' insurance. *Id*. at 4.

On October 29, 2024, the District completed an evaluation report, finding A.M. eligible for special education with autism as the primary disability and speech and language impairment as secondary. *Id*. The District decided not to conduct an FBA as part of the evaluation and did so without consulting the Parents. *Id*. at 6. On November 6, 2024, the District convened an IEP meeting and issued a new IEP based on the evaluation report with ten measurable goals, numerous specially designed instruction, and related services (including occupational therapy, speech and language therapy, transportation, a PCA as A.M.'s one-to-one, parent training, and extended school year services) in an autistic support environment. *Id*. at 4-6. The IEP was implemented in a kindergarten autistic support classroom with eight students and five adults. *Id*. at 6. The teacher implemented a behavior plan prepared by Helping Hands. *Id*. at 7. On November 7, 2024, the District issued a PTE to conduct an FBA. *Id*. at 5. The FBA, however, was not completed before the due process hearing in front of the HO.[1] *See id*. at 19-21.

The Parents filed an administrative due process complaint alleging denial of FAPE for the 2024-2025 school year based primarily on the District's refusal to provide an out-of-district placement and refusal to provide an RBT as A.M.'s one-to-one. *Id*. at 1-2. The Parents also sought an IEE in the form of an FBA. *Id*. The HO conducted a hearing where he received twenty exhibits and heard seven witnesses. *Id*.

On the FAPE issue, the HO found the District did not deny A.M. a FAPE. *Id*. at 14. First, the HO found the District's autistic support class of eight students, five adults, and pull-out occupational and speech therapies was appropriate. *Id*. at 15-16. Second, the HO found A.M. made "good" or "significant" progress in behavior, occupational therapy, and speech, including

---

[1] At the time of the hearing on the cross-motions in front of the Court (December 11, 2025), the parties confirmed the FBA was completed. Oral Arg. Audio, Dkt. No. 22.

3

decreased aggression and better communication. *Id*. at 17-19. Third, the HO found the Parents' RBT and out-of-district placement request was essentially a methodology dispute and an effort to secure an "ideal" ABA program, which the IDEA does not require. *Id*. at 15. Finally, the HO found the Parents never identified a specific private school and did not prove an alternative placement was appropriate. *Id*. at 16.

On the IEE/FBA issue, the HO found the District's October 2024 evaluation inappropriate and ordered an independent FBA at the public's expense as the appropriate remedy. *Id*. at 19-21. Specifically, he found the District obtained the Parents' consent on a PTE that expressly included an FBA among the assessment components, but the District unilaterally determined an FBA would not be conducted. *Id*. at 19-20. He concluded this "bait and switch" violated the IDEA's informed consent and meaningful participation requirements and rendered the District's evaluation inappropriate. *Id*.

The Parents appealed the HO's ruling to this Court on June 16, 2025. The parties filed the cross-motions on November 3, 2025, and the Court held oral argument on December 11, 2025. As a procedural matter, the IEE/FBA issue is now moot because the District conducted an FBA pursuant to the HO's order. Oral Arg. Audio, Dkt. No. 22. Furthermore, the parties represent that claims for February 4, 2025 through the end of the school year have been settled and are, therefore, moot. Def.'s Mot. J. 3, Dkt. No. 16; Dkt. No. 22.

**STANDARD OF REVIEW**

The IDEA authorizes a civil action in a district in which the court (1) "shall receive the records of the administrative proceedings," (2) "shall hear additional evidence," and (3) decide based on the preponderance of the evidence. 20 U.S.C. § 1415(i)(2)(C). District courts in the Third Circuit use a modified de novo standard of review. *S.H. v. State-Operated Sch. Dist. of City of*

*Newark*, 336 F.3d 260, 270 (3d Cir. 2003). The district court must give "due weight and deference" to administrative findings. *Q.T. v. Pottsgrove Sch. Dist.*, 70 F.4th 663, 666 (3d Cir. 2023). Factual findings are considered prima facie correct, and departures from those findings must be explained. *Id*. Credibility determinations are given "special weight," and a district court must accept them unless non-testimonial extrinsic evidence in the record requires a contrary conclusion. *D.S. v. Bayonne Bd. of Educ.*, 602 F.3d 553, 564 (3d Cir. 2010). Legal conclusions, however, are reviewed de novo. *Carlisle Area Sch. v. Scott P.*, 62 F.3d 520, 528 n.3 (3d Cir. 1995). The party challenging the administrative decision bears the burden of persuasion on each challenged claim. *Ridley Sch. Dist. v. M.R.*, 680 F.3d 260, 270 (3d Cir. 2012).

**DISCUSSION**

The remaining issue is whether the District denied A.M. a FAPE. The IDEA requires a program that is "reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances." *Endrew F. ex rel. Joseph F. v. Douglas Cnty. Sch. Dist. RE-1*, 580 U.S. 386, 399 (2017). In the Third Circuit, this means an IEP that is "reasonably calculated to enable the child to receive meaningful educational benefits in light of the student's intellectual potential." *Ridley Sch. Dist.*, 680 F.3d at 269; *K.D. by & through Dunn v. Downingtown Area Sch. Dist.*, 904 F.3d 248, 255 (3d Cir. 2018) ("IEPs must be reasonable, not ideal."). Appropriateness is judged prospectively, based on what the school district knew when the IEP was offered. *Bayonne Bd. of Educ.*, 602 F.3d at 564-65.

The HO concluded the Parents did not prove a substantive denial of FAPE for the 2024-2025 school year. He found the central dispute, the Parents' position that A.M. required a smaller ABA classroom and RBT as his one-to-one versus the District's program using a PCA as A.M.'s one-to-one and autistic support classroom programming, was methodological. The HO rejected

the Parents' attempt to compel the District to adopt the Parents' preferred methodology, consistent with Third Circuit law that parents cannot require a district to use a specific educational methodology so long as the IEP is reasonably calculated to enable the child to receive meaningful educational benefits. *See Downingtown Area Sch. Dist.*, 904 F.3d at 255. The HO further concluded the Parents failed to identify and prove the appropriateness of any specific out-of-district placement for A.M. and failed to show A.M. required an RBT (as opposed to other one-to-one support) to receive FAPE. The HO emphasized the IDEA does not require the "best" or "ideal" education. Critically, the HO credited evidence A.M. made good progress under the District's IEP and his behaviors improved while in the District program. The HO also explained why he found the District's witnesses more credible and persuasive than the Parents' witnesses on the FAPE issue. On this record, and affording due weight to the HO's findings and special deference to his credibility determinations, the Court finds no basis to disturb the conclusion that the District offered A.M. a FAPE.

Because the HO found for the Parents on the IEE/FBA issue, Plaintiffs are a "prevailing party." The IDEA authorizes reasonable attorneys' fees to a "prevailing party" who is a parent of a child with a disability. 20 U.S.C. § 1415(i)(3)(B). "Prevailing party" requires a material alteration of the legal relationship between the parties. *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 853 (3d Cir. 2006). Parents prevail when they obtain substantive relief through an enforceable order or consent decree. *See id*. at 855-57. The March 18, 2025 hearing in front of the HO concerned two issues: FAPE and IEE/FBA. The Parents won one of the two issues and obtained an order for the District to conduct an FBA. As such, the Parents are a prevailing party and are, at least, eligible for some fees, though the amount may be reduced based on their partial success. *See Hensley v.*

*Eckerhart*, 461 U.S. 424, 436-38 (1983) (finding courts may reduce the fee when a party achieves only "partial or limited success").

**CONCLUSION**

In conclusion, the Parents' motion to reverse the HO's FAPE ruling is DENIED. The District's motion is GRANTED to the extent it seeks affirmance of the HO's FAPE ruling and DENIED to the extent it seeks reversal of the HO's IEE/FBA ruling. The HO's March 18, 2025 Final Decision and Order is AFFIRMED in full.

An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.