IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| A.M., *a minor, by and through his parents* | : | CIVIL ACTION |
| *A.J. and J.M.* | : | |
| | : | No. 25-3083 |
| v. | : | |
| | : | |
| INTERBORO SCHOOL DISTRICT | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                                 **May 11, 2026**

Plaintiffs move for an award of attorneys' fees and costs under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(i)(3)(B), following this Court's January 14, 2026 ruling affirming a Pennsylvania Special Education Hearing Officer's decision. Plaintiffs now seek $33,948.50 in fees and costs. Defendant Interboro School District (the "District") argues any award is capped at $7,000 by the IDEA or, alternatively, the Court should substantially reduce the requested amount due to Plaintiffs' limited success, excessive billing, vague entries, and non-compensable work. Because Plaintiffs are a prevailing party with partial success, the motion will be granted in part. Plaintiffs are entitled to recover fees in the reduced amount of $27,158.80.

**BACKGROUND**

Plaintiffs filed an administrative due process complaint pursuant to the IDEA challenging the reasonableness and adequacy of the District's education plan for A.M.'s kindergarten year. Jan. 14, 2026 Mem. 3, Dkt. No. 23. On March 18, 2025, the Hearing Officer resolved two issues: (1) whether the District denied A.M. a free appropriate public education ("FAPE") for the 2024-2025 school year; and (2) whether Plaintiffs were entitled to a publicly funded independent educational evaluation ("IEE") in the form of a functional behavioral assessment ("FBA") because the District's evaluation of A.M. was inappropriate. *Id.* 3-4. The Hearing Officer found for the District on the FAPE issue and found for Plaintiffs on the IEE/FBA issue. *Id.* This Court affirmed

the Hearing Officer's ruling on January 14, 2026 and found that Plaintiffs were a prevailing party with partial success. *Id.* 7.

Plaintiffs now seek $33,948.50 in fees and costs. Pls.' Mot. 11, Dkt. 27-1. The requested fees include time billed by attorney Kathleen Metcalfe at the rate of $495 per hour, by attorney Jennifer Wilczynski at the rate of $295 per hour, and by paralegal Caitlyn Karetsky at the rate of $125 per hour, all below the Community Legal Services ("CLS") rate schedule. *Id.* 4-7. Plaintiffs claim 47.3 hours for the administrative case, 20.5 hours for the federal case, and 8.9 hours for the fee petition. *Id.* 7-10. Plaintiffs assert they deducted 25 hours from the federal work to account for the loss on the FAPE issue. *Id.* They also argue the administrative FAPE and FBA claims were "inextricably intertwined." *Id.* 9.

The District does not object to the rates in this case but argues the fee award should be capped at $7,000 under the IDEA's ten-day-offer provision because Plaintiffs failed to accept the District's January 25, 2025 settlement offer. Def.'s Opp'n 4-7, Dkt. No. 30. That offer included, among other things, a District-conducted FBA, $7,000 in fees and costs, and a release and waiver of all education-related claims. *Id.* at 6; Def.'s Ex. A. at 2, Dkt. No. 30-1. In the alternative, the District argues fees should be capped at $11,542.49 because Plaintiffs prevailed on only one issue, were awarded an FBA worth about $3,500, used block billing, billed for clerical or non-compensable tasks, included excessive time preparing for a one-day hearing, and sought fees for time tied to the unsuccessful federal appeal on the FAPE issue. Def.'s Opp'n 7-14.

**DISCUSSION**

The IDEA authorizes a district court, in its discretion, to "award reasonable attorneys' fees as part of the costs" to a prevailing parent. 20 U.S.C. § 1415(i)(3)(B)(i)(I). A party prevails when it obtains relief that materially alters the legal relationship between the parties. *P.N. v. Clementon*

*Bd. of Educ.*, 442 F.3d 848, 853, 855–57 (3d Cir. 2006). The starting point for calculating a reasonable fee is the lodestar: "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001). The fee applicant bears the burden of proving both the requested rates and the hours worked. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). Once the movant makes that showing, the opposing party must object with "sufficient specificity." *Id.* A court must exclude hours that are "excessive, redundant, or otherwise unnecessary." *Id.*

As stated in this Court's January 14, 2026 memorandum, Plaintiffs are a prevailing party because they "won one of the two issues and obtained an order for the District to conduct an FBA" at the hearing in front of the Hearing Officer. Jan. 14, 2026 Mem. 6. This Court subsequently affirmed that ruling. *Id.* As such, Plaintiffs "are a prevailing party and are, at least, eligible for some fees, though the amount may be reduced based on their partial success." *Id.* (citing *Hensley*, 461 U.S. at 436-38); *see also J.O. ex rel. C.O. v. Orange Twp. Bd. of Educ.*, 287 F.3d 267, 271 (3d Cir. 2002) (holding that "[a] party need not achieve all of the relief requested nor even ultimately win the case to be eligible for a fee award" in an IDEA case).

With regard to the amount to be awarded, the District first argues 20 U.S.C. § 1415(i)(3)(D)(i) bars any fee award above the $7,000 included in its January 25, 2025 settlement offer. Under that provision, fees ordinarily "may not be awarded" for services performed after a qualifying offer if the offer is timely, the parent does not accept it, and the relief finally obtained is "not more favorable" than the offer. 20 U.S.C. § 1415(i)(3)(D)(i); *Rena C. v. Colonial Sch. Dist.*, 890 F.3d 404, 413 (3d Cir. 2018). The inquiry turns on the contents of the offer and whether the parent ultimately obtained less favorable relief. *See Rena C.*, 890 F.3d at 413-17. Furthermore,

the bar does not apply when the prevailing parent was "substantially justified" in rejecting the offer. 20 U.S.C. § 1415(i)(3)(E); *Rena C.*, 890 F.3d at 417-20.

The District's offer does not cap the fee award here. The offer proposed, among other things, a District-conducted FBA, payment of $7,000 in fees, and a "[r]elease and waiver of all education related claims against the District." Def.'s Ex. A. 2. Plaintiffs, by contrast, ultimately obtained an order requiring the District to fund an independent FBA after the Hearing Officer concluded the District's evaluation process was inappropriate because the District obtained consent for an FBA and then unilaterally decided not to conduct one. The difference between a District-conducted FBA and an independent FBA is significant. An evaluation performed or funded independently differs materially from one conducted by the District whose evaluation process Plaintiffs challenged. The record shows the independent FBA was conducted by a third party and later informed revisions to A.M.'s IEP. Pls.' Mot. 2. The District's offer also required Plaintiffs to release all education-related claims. On this record, the Court cannot conclude that the relief obtained by Plaintiffs was less favorable than the offer. And even if the offer were otherwise comparable, Plaintiffs were substantially justified in rejecting an offer that denied the independent evaluation they sought and required a broad release. Section 1415(i)(3)(D)(i) therefore does not cap the award.

The hourly rates are reasonable. The District expressly declined to challenge the requested market rates in this case. Plaintiffs seek compensation for attorney Kathleen Metcalfe at $495 per hour, attorney Jennifer Wilczynski at $295 per hour, and paralegal Caitlyn Karetsky at $125 per hour. Plaintiffs supported those rates with declarations describing counsel's experience and with declarations from two experienced special education practitioners. *See* Dkt. Nos. 27-2, 27-3, 27-4. The requested rates are also below or within the relevant CLS ranges, which the Third Circuit

has described as a fair reflection of prevailing market rates. *See Maldonado*, 256 F.3d at 187-88. On this record, Plaintiffs have carried their burden as to rate.

Turning to the number of compensable hours, Plaintiffs may recover fees for the "number of hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 436; *W. Va. Univ. Hosps., Inc. v. Casey*, 898 F.2d 357, 361 (3d Cir. 1990). The Court agrees with Plaintiffs that the administrative FAPE and FBA issues arose from a common core of facts. Much of counsel's time at the administrative due-process stage—reviewing records, consulting witnesses, preparing for the hearing, and examining the District's handling of A.M.'s behavior—related to both theories. A line-by-line attempt to segregate every hour devoted to the successful and unsuccessful claims would therefore be artificial. *See Hensley*, 461 U.S. at 435 (explaining when claims involve a common core of facts, "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis").

Plaintiffs, however, are not entitled to the full lodestar amount. The "degree of success obtained" is the "most critical factor" in determining a reasonable fee. *Id.* at 436. Plaintiffs sought more than an independent FBA. They also pursued a finding that the District denied A.M. a FAPE and compensatory education. The Hearing Officer did not find in their favor, and this Court affirmed the Hearing Officer's ruling. Although Plaintiffs voluntarily deducted 25 hours from the federal work to account for their lack of success on the FAPE issue, the fee petition still includes hours beyond what is reasonable in light of the partial success. The District also identifies several billing concerns with sufficient specificity, including block-billed entries, time spent on clerical tasks, pre-complaint IEP-related work that may not be compensable under § 1415(i)(3)(D)(ii), and time entries that appear excessive for the tasks described. Def.'s Opp'n 7-14. For example, the

District points out that Plaintiffs' attorneys block-billed for drafting complaints/briefs with talking to their clients on multiple occasions. *Id.* at 7-8. Therefore, the Court will reduce the award further.

Where, as here, the claims are related and the billing deficiencies do not lend themselves to exact calculations, the Court "may choose to reduce the award if a full compensatory fee would be unreasonable in consideration of the degree of success obtained." *Mancini v. Northampton Cnty.*, 836 F.3d 308, 321 (3d Cir. 2016). "How to measure the degree of success is left to the court's discretion." *Id.*; *see also Hensley*, 461 U.S. at 436-37 ("The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success."). After considering Plaintiffs' partial success, their voluntary 25-hour reduction, the significance of the independent FBA obtained, and the billing concerns identified by the District, the Court concludes that a further 20% reduction to the requested amount is warranted. This reduction accounts for the unsuccessful FAPE litigation that remains embedded in the fee petition and trims hours that are excessive or insufficiently documented. Applying that reduction to Plaintiffs' request of $33,948.50 results in an award of $27,158.80.

**CONCLUSION**

Because Plaintiffs are a prevailing party with partial success, the Court will grant the motion in part and award Plaintiffs $27,158.80 in attorneys' fees and costs.

An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.